MATTER OF McCARTHY

In DEPORTATION Proceedings

A-6541021

*Decided by Board March 29, 1963*

A native of Canada, who is ineligible to obtain a nonquota immigrant visa because of his prior criminal convictions, comes within the proviso of section 244(f)(3) of the Immigration and Nationality Act, as amended, and is, therefore, eligible for suspension of deportation under section 244(a)(1) of the Act, as amended, having satisfied all the statutory requirements for such relief.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry, previously deported.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry, crime prior to entry.

The case comes forward pursuant to certification of the decision of the special inquiry officer dated January 31, 1963 denying the motion of the District Director dated December 21, 1962 to reconsider the order of the special inquiry officer dated December 14, 1962 granting suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act as amended.

The record relates to a native and citizen of Canada, 45 years old, male, married, who first entered the United States as a child in 1924. He was deported in 1936 after the commission of several crimes. He returned illegally in 1937, and was deported again on July 8, 1948. He has never applied for nor received permission to return to the United States. The respondent last entered the United States at Niagara Falls, New York on January 12, 1952. He is deportable as charged in the order to show cause.

The respondent was convicted on December 22, 1933 in the City Court, Buffalo, New York of the offense of petty larceny. He was similarly convicted in February 1936. Larceny is a crime involving moral turpitude. The respondent is subject to deportation on the lodged charge also.

The respondent has applied for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, as amended.

He began living with the woman who is now his wife in 1942 and did not legalize their marital status until they married each other on July 4, 1953. His wife is a legal resident alien. They have three children, all native-born citizens of the United States, who are 8, 16, and 19 years of age, all of whom reside at home with their parents. The oldest child is now employed and the respondent's wife and other two children are not employed.

As has been pointed out by the special inquiry officer, the respondent meets all the requirements of section 244(a)(1) of the Immigration and Nationality Act, as amended, including extreme hardship to his legal resident wife and at least two of the United States citizen children in the event he were deported; good moral character; no connection with subversive groups; registration under the Selective Training and Service Act during World War II; and adequate length of residence.

The motion to reconsider dated December 21, 1962 was based upon the amendment to section 244 of the Immigration and Nationality Act by the Act of October 24, 1962, and incorporated a reference to Board of Immigration Appeals decision, file A-15685290 (November 5, 1962). In the latter case, *Matter of Vara-Rodriguez*, Int. Dec. No. 1254, we held that an alien who entered the United States as a crewman is not statutorily ineligible for voluntary departure under section 244(f) of the Immigration and Nationality Act as amended by the Act of October 24, 1962. This case has no application to the situation before us.

Section 244(f)(3) of the Immigration and Nationality Act as amended by the Act of October 24, 1962 provides as follows:

(f) No provision of this section shall be applicable to an alien who * * * (3) is a native of any country contiguous to the United States * * * provided that the Attorney General may in his discretion agree to the granting of suspension of deportation to an alien specified in clause (3) of this subsection if such alien establishes to the satisfaction of the Attorney General he is ineligible to obtain a nonquota immigrant visa.

As pointed out by the special inquiry officer in denying the motion to reconsider, this language is essentially the same language as contained in section 244(b) of the Immigration and Nationality Act (8 U.S.C. 1254(b)) prior to its amendment on October 24, 1962, the language therein reading as follows:

* * * the provisions of this subsection shall not be applicable to any alien who is a native of any country contiguous to the United States or any adjacent island, unless he establishes to the satisfaction of the Attorney General that he is ineligible to obtain a nonquota immigrant visa.

Thus it can be seen that the amendatory act differed in nowise from its predecessor. In Conference Report No. 2552, Statement of the

Managers on the part of the House, as appended to No. 18 U.S. Code Congressional and Administrative News (87th Cong., 2d Sess.), p. 5489, the only reference to the amended language is a statement that it specifically excludes the granting of relief to (1) alien crewmen, (2) persons who entered the United States under educational exchange programs, and (3) natives of countries contiguous to the United States or islands adjacent to the United States with certain specified exceptions. In commenting on the prior law regarding suspension of deportation section 19(c) of the Act of February 5, 1917, as amended, the existing law of suspension of deportation was criticized on the ground that it did not appear that the law is prompted by any necessity to give relief to aliens who were nationals of territory adjacent to the United States; and that alien parents and many alien children entered the United States illegally from territories contiguous to the United States, and suspension of deportation was granted the parents if serious economic detriment would result to the citizen child if the parents were deported, that the cases of alien children were held in abeyance pending determination of the parents' applications for suspension of deportation and that if the parents finally received suspension of deportation and thus became legally resident aliens, application is then made in behalf of the minor alien children.[1] The law as finally enacted prohibited the grant of suspension of deportation to natives and citizens of contiguous territory unless they were able to establish that they were ineligible to obtain nonquota immigrant visas.

The respondent, who is a native and citizen of Canada, is ineligible to receive a nonquota visa because of the commission of the crimes which form the basis for the lodged charge of inadmissibility. Although the respondent might be able to obtain the issuance of a visa with the grant of a waiver of the grounds of inadmissibility pursuant to section 5 of the Act of September 11, 1957 (now section 212(g) of the Immigration and Nationality Act as amended by section 14 of the Act of September 26, 1961), it might not be easily accomplished; and he would be compelled to wait outside the United States, away from his family, who would be forced to seek public relief in his absence.

While the legislative history is silent except as otherwise indicated on the point of granting suspension of deportation to natives of countries contiguous to the United States, the plain language of both sections 244(b) and 244(f)(3) of the Act as amended by the Act of October 24, 1962, is that the benefits of section 244(a)(1) may not be granted to an alien of contiguous territory unless he establishes that he is ineligible to obtain a nonquota immigrant visa. The alien in the

---

[1] Senate Report No. 1515, Report of the Committee on the Judiciary pursuant to Senate Resolution 137 (81st Cong., 2d Sess.), pp. 600-601.

instant case, who is a native of Canada, falls squarely within this proviso. Our attention has been called to no case in which suspension of deportation has been denied to such an alien and our recollection is to the contrary. The case relied upon in the motion to reconsider and referred to by the trial attorney has been shown to be not applicable. It is concluded that this alien, a native of Canada, who satisfies all the statutory grounds for eligibility for suspension of deportation, and who is ineligible to obtain a nonquota immigrant visa because of his prior convictions of crimes, is eligible for suspension of deportation. The order of the special inquiry officer dated December 14, 1962 will be approved.

ORDER: It is ordered that the order of the special inquiry officer dated December 14, 1962, ordering that the deportation of the respondent be suspended under the provisions of section 244(a)(1) of the Immigration and Nationality Act, as amended, be and the same is hereby approved.